Matter of West 81st Garage, LLC v New York City Dept. of Bldgs. (2024 NY Slip Op 06319)

Matter of West 81st Garage, LLC v New York City Dept. of Bldgs.

2024 NY Slip Op 06319

Decided on December 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 17, 2024

Before: Kern, J.P., Singh, González, Kennedy, Higgitt, JJ. 

Index No. 157853/21 Appeal No. 3280 Case No. 2022-05644 

[*1]In the Matter of West 81st Garage, LLC, et al., Petitioners-Respondents,
v
New York City Department of Buildings, et al., Respondents-Appellants.

Muriel Goode-Trufant, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for appellants.
Goldberg Weprin Finkel Goldstein LLP, New York (Jessica Sprague of counsel), for respondents.

Order, Supreme Court, New York County (Laurance Love, J.), entered May 2, 2022, which granted in part the petition seeking, among other things, to vacate and annul four determinations of the Office of Administrative Trials and Hearings (OATH), affirming four violations of New York City Building Code [Administrative Code of City of NY] § 28-105.1 issued via summonses by the New York City Department of Buildings (DOB), and assessing a penalty of $1,250 per violation, found that OATH was prohibited from imposing civil penalties for the violations of Administrative Code § 28-105.1, and remanded the matter to OATH for further proceedings, unanimously reversed, on the law, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed, without costs.
In matters of statutory interpretation, this Court first looks at the language of the statute itself (see Matter of RAM I LLC v New York State Div. of Hous. & Community Renewal, 123 AD3d 102, 105 [1st Dept 2014]). Contrary to petitioners' contention, the language of Administrative Code § 28-213.1 does not bar the imposition of penalties for erecting signs without a permit.
The rules of the DOB set forth the standard penalty for a violation of Administrative Code § 28-105.1 (see 1 RCNY 102-01[k]; see also Administrative Code §§ 28-201.1, 201.2). Administrative Code § 28-213.1, upon which petitioners rely, states, "[i]n additionto any penalties otherwise authorized by law pursuant to article 202 and the rules of the [DOB], whenever any work for which a permit is required pursuant to this code had been performed without a permit, a penalty shall be imposed by the department as provided in this article." Section 28-213.1 then states an exception to this language — that is, that "[n]o such penalty shall be imposed" for certain signs that are accessory to a use on the same zoning lot and are placed without a permit.
Thus, we reject petitioners' argument that Administrative Code § 28-213.1 abolishes all penalties for a violation of Administrative Code § 28-105.1. Rather, according to the language of section 28-213.1 — specifically, the phrase "no such penalty" — the exception refers only to the additional penalty set forth in the section itself, not to penalties set forth elsewhere. Petitioners were not assessed a penalty under the terms of Administrative Code § 28-213.1, but received the standard penalty per violation set forth in rules governing the DOB (see 1 RCNY 102-1[k]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2024